Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John C. O'Meara | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 4554 | **DATE** | 9/19/2001 |
| **CASE TITLE** | Gary Comer, Inc. vs. Scott Wallace | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without `costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Opinion and Order: It is hereby ordered that plaintiff/counter-defendant's motion for judgment as a matter of law on Counts III and IV of GCI's complaint (110-1) is granted in part and denied in part. GCI will submit an order of judgment.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 4 - 2001 date docketed | 120 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 10/3/2001 date mailed notice | |
| GL courtroom deputy's initials | | Date/time received in central Clerk's Office | GL mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED

OCT 4 - 2001

GARY COMER, INC.,

    Plaintiffs/Counter-Defendant,

No. 98-C-4554

v.

Hon. John Corbett O'Meara

SCOTT WALLACE,

    Defendants/Counter-Plaintiffs.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff/Counter-Defendant Gary Comer, Inc's (GCI's) Motion, filed June 7, 2001, for judgment as a matter of law on Counts III and IV of GCI's Complaint. The Court will grant GCI's Motion.

GCI and Wallace entered into three separate but related agreements: the Pledge Agreement, the Note, and the Executive Agreement. Counts I and II sought enforcement of the Pledge Agreement, Counts III and IV sought a declaration of and enforcement of the Note, and Counts V and VI sought a declaration of and damages for breach of the Executive Stock Agreement.

Counts I and II were withdrawn by GCI. As to Count V, a jury established the fair market value of the shares at $5.91. This court resolved Count VI when it ruled as a matter of law that neither party breached the Executive Stock Agreement. GCI's Counts III and IV relating to the enforcement of the Note are now before the Court.

Count III seeks a declaration that the outstanding principal amount of the Note became due on September 11, 1997. Count IV seeks damages for Wallace's breach of the Note for failure to pay the principal amount when due and to pay interest on the Note after April 1, 1997.

Wallace and GCI entered into an agreement by which Wallace borrowed the purchase price of the stock ($250,000) from GCI to pay for the shares. In return, Wallace agreed to pay interest during the term of the loan, repay the principal over time, and pledged the shares as collateral for the loan.

The principal amount of the Note became due on September 11, 1997. Section 2(a) of the Note provides for the timing of Wallace's repayment of the principal to GCI. The Note states that:

> The outstanding principal amount of this Note shall be due and payable in full on the fifth anniversary of the date hereof; provided that if Termination under the Executive Agreement occurs prior to the payment in full of the outstanding principal amount of this Note, the outstanding principal amount of this Note shall be due and payable in full one year after such Termination.

The Note was executed on September 11, 1992. On September 11, 1997 Wallace was still employed at GCI. Accordingly, the outstanding principal of the Note became due in full on September 11, 1997.

Wallace argues that the principal on the Note did not become due until June 12, 1999, one year after his termination. Although the Note does provide for full payment of the principal of the Note one year after termination, this clause does not take effect unless Wallace is terminated before the five-year loan term has run. Wallace was not terminated within five years of the creation of the agreement; therefore, the one year provision was not triggered and the Note became due on September 11, 1997.

The Note also provided for interest during the term of the loan. The Note states that:

> Interest shall accrue at the rate of six percent (6%) per annum on the unpaid principal amount of this Note outstanding from time to time, or (if less) at the highest rate then permitted under applicable law.

2

> Executive shall pay to GCI all accrued interest on April 1 and October 1 of each year, beginning April 1, 1993. Any accrued interest which for any reason has not been thereto fore paid shall be paid in full on the date on which the final principal payment on this Note is paid.

Accordingly, Wallace was required to pay interest of 6% per annum on the unpaid principal amount of the Note ($250,000) for the time period of April 1, 1997 through September 11, 1997, or $6,791.67.

In the event that Wallace failed to pay interest or principal when due Section 5(a) of the Note, for payment of additional interest on the outstanding amount provides:

> If the full amount of any interest then accrued on this Note is not paid within five business days after it is due or the Note is not paid when due, then interest shall accrue on such unpaid interest (to the extent legally permissible) or principal (as applicable) at the rate set forth in paragraph 1 plus 2% per annum, or (if less) at the highest rate then permitted under applicable law, until such past due amount and interest have been paid in full.

The 8% interest rate applies to all of the outstanding debts on the Note from September 11, 1997 through July 10, 2001. Accordingly, Wallace owes GCI $84,458.27 in interest on the Note through July 10, 2001.

Section 8 of the Note established that 70% of the principal and interest on the Note may only be satisfied from proceeds of the sale of the Shares. The remaining 30% may be satisfied from either proceeds of the sale of the Shares or by recourse against Wallace personally.

It has been determined that Wallace owes a total amount of principal and interest under the Note of $334,458.27, and that the total value of Wallace's shares is $249,797.97. Thus, the total outstanding amount owed by Wallace is $84,660.30. Since the total outstanding debt after

3

subtracting the value of Wallace's shares is less than 30% of the total amount due, this portion may be satisfied against Wallace personally.

Plaintiff/Counter-Defendant's Motion also requests collection of expenses incurred in enforcement of the Note. GCI estimates that they incurred $490,729.76 in attorneys' fees, costs, and expenses to enforce the Note.

The Court has previously ruled that neither party breached the Executive Stock Agreement in connection with the stock valuation, and it was the stock valuation which was the principal hurdle delaying the performance under the Note up to this point. There will be no award of attorneys' fees, costs, or expenses.

**IT IS HEREBY ORDERED** that Plaintiff/Counter-Defendant's Motion for judgment as a matter of law on Counts III and IV of GCI's Complaint is **GRANTED** in part, and **DENIED** in part. GCI will submit an order of judgment.

Date: 9/19/01

John Corbett O'Meara
United States District Judge



4